**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR MOGUEL HERNANDEZ & JUAN JOSE MELENDREZ ENCINA, Petitioners, v. JOSHUA JOHNSON et al., Respondents. | NO. 5:26-cv-02438-KS MEMORANDUM OPINION AND ORDER |

Before the Court is the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioners Oscar Moguel Hernandez and Juan Jose Melendrez Encina (collectively, "Petitioners") on May 7, 2026. (Dkt. No. 1.) For the following reasons, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Oscar Moguel-Hernandez is a citizen of Mexico who entered the United States without inspection in 2002. (Dkt. No. 1 ¶¶ 33, 47.) Petitioner Moguel Hernandez was not apprehended at or near the border at the time of entry and has lived in the interior of the United States since his entry. (*Id.* ¶ 49.) Petitioner Moguel-Hernandez settled in Utah and has built his life in the United States, establishing significant personal, familial, and community ties, including four United States citizen children, a naturalized United States citizen mother

1

and sister, and two lawful permanent resident sisters.  (*Id.* ¶¶ 35, 50, 53.)  Prior to his detention, Petitioner Moguel Hernandez ran his own business in the construction industry.  (*Id.* ¶ 54.)

Petitioner Melendrez Encina is also a citizen of Mexico who entered the United States without inspection in 2000.  (*Id.* ¶¶ 36, 56-57.)  Petitioner Melendrez Encina settled in Utah where he established significant personal, familial, and community ties, including children and a grandchild who are United States citizens and a brother who is a lawful permanent resident. (*Id.* ¶¶ 38, 59-62.)  Prior to his detention, Petitioner Melendrez Encina was employed in the construction industry.  (*Id.* ¶ 63.)

Both Petitioners were encountered and taken into ICE custody in the interior of the United States, more than two decades after their entries.  (*Id.* ¶ 66.)  Department of Homeland Security ("DHS") thereafter initiated removal proceedings against Petitioners by issuing each a Notice to Appear pursuant to 8 U.S.C. § 1229a.  (*Id.* ¶ 67.)  Each Notice to Appear charges the Petitioner under § 212(a)(6)(A)(i) as a noncitizen present in the United States without admission or parole.  (*Id.* ¶ 68.)  Following their initial detention by ICE, both Petitioners were moved through ICE's detention system and eventually transferred to the Desert View Annex in Adelanto, California, where they are currently detained.  (*Id.* ¶ 69.)  Despite their long-term presence in the United States and arrest in the interior, ICE has classified both Petitioners as subject to detention under 8 U.S.C. § 1225(b), a provision governing individuals seeking admission.  (*Id.* ¶ 70.)

On April 22, 2026, Petitioner Moguel Hernandez appeared before an Immigration Judge ("IJ") at the Adelanto Immigration Court and requested a custody redetermination hearing as a *Maldonado-Bautista*[1] class member.  (*Id.* ¶ 71.)  The IJ denied the request, finding no

---

[1] *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 231977 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025), *and amended and superseded on reconsideration*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).

jurisdiction to conduct a bond hearing as the Ninth Circuit's stay of the February 18, 2026 vacatur order restored *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025) to full precedential effect. (*Id.* ¶ 73.) Petitioner withdrew the bond request without prejudice. (*Id.* ¶ 76.)

Petitioners, through counsel, filed the instant Petition on May 7, 2026. (Dkt. No. 1.) Petitioners seek individualized bond hearings before an Immigration Judge. (*Id.* at 28.) Respondents filed an Answer to the Petition on May 14, 2026 in which they concede that both Petitioners are members of the Bond Eligible Class certified in *Maldonado-Bautista*. (Dkt. No. 8.) Petitioners filed a Traverse on May 18, 2026. (Dkt. No. 9.).

## LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020).

## DISCUSSION

Petitioners assert that their detentions violate the Immigration and Nationality Act ("INA") and due process. (Dkt. No. 1 ¶ 117-41.) Petitioners request that the Court order that Respondents provide each Petitioner with an individualized bond hearing before an Immigration Judge. (*Id.* ¶ E.)

## I.    Violation of the INA

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). "A noncitizen's place 'within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.'" *Id.* (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008)).

Section 1226(a) sets forth a general provision governing the arrest, detention, and release of noncitizens in the United States pending a removal decision, while Section 1226(c) articulates the specific process applicable to the detention of "criminal aliens" as defined by § 1226(c)(1). 8 U.S.C. §§ 1226(a), 1226(c). Release under Subsection A confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022). Conversely, Subsection C provides that the Attorney General "shall take into custody" any noncitizen who is deportable or inadmissible based on a qualifying, enumerated offense and "may release" such a noncitizen "only if" the Attorney General decides that doing so is necessary for witness-protection purposes and that the noncitizen will not pose a danger or flight risk." 8 U.S.C. § 1226(c); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

Section 1225 applies to "applicant[s] for admission"—i.e., "[noncitizens] present in the United States who ha[ve] not been admitted or who arrive[d] in the United States (whether or not at a designated port of arrival and including an[y noncitizen] brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1).

An applicant for admission is subject to mandatory detention under Section 1225(b)(2) if the noncitizen is "not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2).

Here, Respondents concede that Petitioners are members of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 231977 (C.D. Cal. Nov. 25, 2025), which includes "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 2025 U.S. Dist. LEXIS 231977, at *26-27.

On December 18, 2025, the district court in *Bautista* declared that "pursuant to [immigration] regulations, the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1128 (C.D. Cal. 2025).  On February 18, 2026, the *Bautista* district court issued an order enforcing the judgment.  *Bautista v. Santacruz*, 820 F. Supp. 3d 1016 (C.D. Cal. 2026).  On March 6, 2026, the Ninth Circuit ordered that although the "district court's December 18, 2025 declaratory judgment . . . is temporarily stayed pending a ruling on the government's emergency motion for a stay pending appeal," the judgment "remains in place as to the Central District of California." *Bautista v. United States Dep't of Homeland Sec.*, No. 26-1044, 2026 U.S. App. LEXIS 6750, at *2 (9th Cir. Mar. 6, 2026).

As noted, the final judgment in *Bautista* declared that class members were not subject to mandatory detention and were entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge.

*Bautista*, 813 F. Supp. 3d at 1128.  As Respondents concede that Petitioners are class members, the Court concludes that Petitioners are detained pursuant to Section 1226(a) and are not subject to mandatory detention under Section 1225(b).

## II.    <u>Due Process</u>

The Fifth Amendment Due Process Clause provides that no person shall be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "The Due Process Clause applies to all 'persons' within the United States . . . whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas*, 533 U.S. at 693.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Id.* at 690.  Thus, nonpunitive government detention violates the Due Process Clause unless the detention is ordered "in certain special and narrow . . . circumstances, where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint."  *Id.* (citations omitted).

"In the context of civil immigration detention, the two 'regulatory goals' of the Immigration and Nationality Act provisions governing such detention—'ensuring the appearance of [noncitizens] at future immigration proceedings' and 'preventing danger to the community'—can provide such 'special justification.'"  *Zapata v. Kaiser*, 801 F. Supp. 3d 919, 939 (N.D. Cal. 2025) (quoting *Zadvydas*, 533 U.S. at 690).  "Although '[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings,' 'the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.'"  *Id.* (quoting *Hernandez v. Sessions*, 872 F.3d 976, 990, 994 (2017)).

\\

6

When determining what procedures are required by due process, the Court considers the three factors outlined in *Mathews v. Elridge*, 424 U.S. 319, 335 (1976)—(1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the government's interest.

As to the first *Mathews* factor, Petitioners have a substantial private interest in remaining free from detention. Petitioners have been living in the United States for more than two decades where they have both been employed in the construction industry and have established significant personal, familial, and community ties. *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("[Peittioner] has been out of custody for nearly a year-and-a-half, and during that time, has lawfully worked fulltime, has become an active member of his community, and regularly volunteers at his temple. His detention denies him that freedom."); *Morrissey*, 408 U.S. at 482 (finding that private interests can include the freedom to "be gainfully employed and . . . to be with family and friends and to form the . . . enduring attachments of normal life"). Thus, the first *Mathews* factor weighs in favor of Petitioners.

Turning to the second *Mathews* factor, the risk of erroneous deprivation of liberty is undoubtedly high where, as here, Petitioners have been detained for a prolonged period and have not "been provided any procedural safeguards to determine whether [their] detention is justified." *Singh*, 803 F. Supp. 3d at 1047. Civil immigration detention is permissible only to prevent flight or protect against danger to the community. *See Zadvydas*, 533 U.S. at 690. Yet "Respondents have asserted no individualized justification—let alone a special or compelling justification—[] to deprive Petitioner[s] of [their] physical liberty." *Diaz v. Knight*, No. 2:26-cv-00247-RFB-DJA, 2026 U.S. Dist. LEXIS 29219, at *8 (D. Nev. Feb. 12, 2026). Thus, "[p]roviding [Petitioners] with the procedural safeguard of a pre-detention hearing will have significant value in helping ensure that any future detention has a lawful basis." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025). Accordingly, the second *Mathews* factor also weighs in Petitioner's favor.

Finally, the third *Mathews* factor also weighs in favor of Petitioners because "[t]he effort and cost required to provide Petitioner[s] with procedural safeguards is minimal." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025); *Qian Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 U.S. Dist. LEXIS 165913, at *17-18 (C.D. Cal. Aug. 26, 2025) (finding that "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government" to be minimal).

On balance, the *Mathews* factors show that Petitioners were entitled to process before being detained. *Singh*, 803 F. Supp. 3d at 1048. Therefore, the Court concludes that Petitioners' prolonged detention without individualized bond hearings is in violation of their due process rights.

## CONCLUSION

For the foregoing reasons, the Court concludes that Petitioners' current detention is in violation of the INA and due process. Accordingly, the Court ORDERS that:

(1) Judgement be entered granting the Petition[2]; and

(2) A writ of habeas corpus be issued requiring Respondents to provide each Petitioner with an individualized bond hearing before an Immigration Judge within five (5) days of this Order.

DATE: June 29, 2026

*Karen L. Stevenson*
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

---

[2] Petitioners also request an award of costs and attorney fees. (Dkt. No. 1 ¶ H.) Any request for costs and fees must be filed separately and in accordance with the deadlines set by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

8